ROBERT NORTHROP, as Administrator of the Estate of SUSAN J. NORTHROP, Deceased, Appellant, v. MARJORIE SMITH, Respondent.— Appeals (1) from a judgment of the Supreme Court in favor of defendant, entered March 20, 1969 in Tioga County, upon a verdict rendered at a Trial Term, and (2) from an order, entered April 11, 1969, which denied plaintiff's motion to set aside the verdict. This is an action for the wrongful death of Susan Jane Northrop, an infant aged eight and one-half years, who was struck by defendant's automobile on November 13, 1966 while crossing Route 17 at or near its intersection with Cayuta Avenue in the Village of Waverly, New York. As a result of the accident, the infant died. In our opinion the jury verdict should have been set aside as against the weight of the evidence. On the instant record there is little question that the defendant was negligent. By her testimony she

drove some 445 feet with her eyes fixed on the side of the road. It was not until two car lengths before the intersection that the defendant looked up to see the decedent in the road before her. The question for the jury was thus whether the deceased infant was guilty of contributory negligence, and since this is a wrongful death action, EPTL 5–4.2 shifts the burden of proof of such contributory negligence to the defendant. The defendant did not meet that burden in the instant case. We can find no evidence in this record which would justify a jury inference that the decedent was contributorily negligent. The only evidence as to the decedent's actions at the time of injury concern her position in the road. There is no evidence that she was crossing in a negligent manner, that she darted out into the lane, or satisfactory evidence that she was not properly crossing within an unmarked crosswalk. Absent some affirmative proof of negligence, the defendant failed to meet her burden of proof. The mere placing of the decedent in the road, without satisfactory evidence as to whether or not she was in the crosswalk, is insufficient proof to permit an inference of contributory negligence. To hold otherwise would, in effect, shift the burden back onto the plaintiff to prove the decedent was free of contributory negligence. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs. Reynolds, J. P., Aulisi and Staley, Jr., JJ., concur; Cooke and Simons, JJ., concur in the following memorandum: We would reverse because of legal errors in the court's instructions to the jury. This accident happened in the area of an irregularly shaped intersection while the infant decedent was attempting to cross the street. Clearly her position in the roadway, whether within or without a crosswalk, at the time of impact, was crucial to the outcome of the case. The jury was never given any legal definition or explanation of an unmarked crosswalk (there were no painted lines on the road) so that they could make this necessary factual determination. While the court's recital of sections 1151 and 1152 of the Vehicle and Traffic Law explained to the jury the relative rights and responsibilities of motorists and crossing pedestrians, these sections do not define what an unmarked crosswalk is. In the absence of the definition contained in subdivision (a) of section 110 of the Vehicle and Traffic Law, the jury could only speculate on the subject. Furthermore, the court should have eliminated the references of the statute to marked crosswalks. Concededly, there were no marks on the roadway and this only served to inject a confusing element into the case that was not supported by any evidence.